## Case No. 3,424b.

CROSBY v. The PRINCE ALBERT.

ELWELL et al. v. SAME.

[Betts' Scr. Bk. 589.]

District Court, S. D. New York. April 14, 1859.

FEES OF UNITED STATES COMMISSIONER.

[A United States commissioner, appointed to perform the duties of a referee, is entitled to three dollars per day, the compensation to masters in chancery for similar services, and not to the fees prescribed by the fee bill of 1853 for attending to a reference in admiralty in pursuance of an order of the court.]

[In admiralty. Libels by James W. Elwell and others against the steamer Prince Albert, and by Philander Crosby against the same. On taxation of the fee bill of Mr. White, United States commissioner, for his services as referee.]

Benedict, Burr & Benedict, for libellants.

Van Vorst & Beardslee, for claimants.

Before BETTS, District Judge. These cases were referred by the court, pursuant to the rules adopted in January term, to Mr. White, United States commissioner, to hear the testimony and report his findings thereon. The hearing took place, and the commissioner reported in favor of the libellants. He thereupon made out his bill of fees for the services rendered, according to the charges allowed to United States commissioners by the fee bill of 1853, and this bill was brought before the court for taxation.

HELD BY THE COURT: That the 44th rule of the supreme court, under which, with the other rules and acts giving the district courts authority over the practice of the

court, these referees or commissioners are appointed, had no allusion to the commissioners, provided for as standing officers by the fee bill of 1853, as the commissioners who were to be subrogated in place of the court in executing these references.

But that there is strong reason for holding that the particular compensation allowed to United States commissioners by the fee bill was designed to apply with its limitations to like services performed by any denomination of commissioners or referees, and the provision of the fee bill which determines the allowance for attending to a reference in pursuance of an order of court should be regarded as covering that service in cases of this class also. The commissioner ought not, therefore, to be allowed more than $3 per diem for that special service, nor for the reason that he takes the appellation of a commissioner, but because that sum is awarded by law "for attending to a reference in admiralty in pursuance of an order of court."

That the fee bill does not, however, govern the subject of compensation to which the referee is entitled for his services, further than establishing the per diem allowance for attending to the reference. He is clothed with the powers and functions of a master in chancery, and would seem entitled to a compensation equivalent to what that officer might demand for services of a like order.

The bills of costs are accordingly sent back to the commissioner, to restate them to the court for allowance.